IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DEE D. FARMER                        *
a.k.a. Douglas Farmer
        Plaintiff,              *

    v.                            *    CIVIL ACTION NO. CCB-06-3392

CAROLYN HENNEMAN               *
COMMISSIONER DOC
        Defendants.            *
                          ***

## MEMORANDUM

Dee D. Farmer ("Farmer"), who is currently confined at the Baltimore City Detention Center, filed a letter complaint with the court on December 18, 2006, seeking injunctive relief to ensure that the exact modalities of her[1] medication obtained while on probation be continued when she re-enters the Maryland Division of Correction ("DOC").

The background of Farmer's current circumstances is well known to this court. A transsexual who is infected with Human Immunodeficiency Virus ("HIV"), Farmer was released from her U.S. Bureau of Prisons term to serve her Maryland sentences in 2000. Based upon testimony regarding the decline and seriousness of Farmer's medical condition, in February of 2005, Chief Judge Joseph F. Murphy Jr. of the

---

[1]    Farmer is a transgendered person, born Douglas Farmer, who now considers herself to be female and uses the name Dee Deidre, as well as the feminine pronoun, when referring to herself. This opinion will do the same.

Court of Special Appeals of Maryland modified her state sentences to a five-year term of probation and she was released from DOC confinement.   Farmer recently entered a plea in the Circuit Court of Baltimore to obstruction of justice and misuse of a birth certificate.  She is currently scheduled to be sentenced on or about January 16, 2007, and according to her recent missive, will re-enter the DOC on January 17, 2007. Under a binding plea agreement, Farmer will receive an 18-month term.[2]

Farmer claims that during her short period of time on probation she was hospitalized four times for various infections, including tuberculosis.  She states that she enrolled in the Moore Clinic at Johns Hopkins Hospital[3] to be placed on a clinical trial that would enhance her survival.  Farmer alleges that in late 2005, a clinical trial of two experimental research medications ("THC 114" & "THC 125"), along with three other antivirus medications ("T-20", "Tri", & "Novir") were prescribed for her.

Farmer's complaint focuses on the receipt of the research medications provided as part of the clinical trial.[4]  She states that the THC 114, THC 125, and T-20

---

[2]	Additional federal and state criminal cases are pending against Farmer in this court and in Baltimore County, Maryland.

[3]	The Moore Clinic is an outpatient unit for patients with HIV infection. *See* www.hopkinshospital.org/health_info/Infectious_Diseases/.

[4]	As an aside, Farmer notes that she is not receiving follow-up appointments with a cardiologist and dermatologist.

medications are prohibited by DOC policies.  She seeks to enjoin defendants from discontinuing her current HIV medication upon her admission to a DOC facility.

In order to obtain injunctive relief under Fed. R. Civ. P. 65, Farmer must demonstrate: (1) the likelihood she will be irreparably harmed if the preliminary injunction is denied; (2) the likelihood that defendants will not be harmed if the requested relief is granted; (3) the likelihood that she will succeed on the merits; and (4) that the public interest will be served if the injunction is granted.  *See Blackwelder Furniture Co. v. Selig Manufacturing Co*., 550 F.2d 189, 195-96 (4th Cir. 1977).

The initial factor to be examined in the aforementioned analysis is the likelihood of irreparable harm to Farmer.  The failure to make a clear showing of irreparable harm is, by itself, a ground upon which to deny a preliminary injunction.  *See Direx Israel, Ltd. v. Breakthrough Medical Corporation*, 952 F.2d 802, 812 (4th Cir. 1992.)  The required irreparable harm must be "neither remote nor speculative, but actual and imminent."  *Tucker Anthony Realty Corp v. Schlesinger*, 888 F.2d 969, 975 (2d Cir. 1989); *see also Dan River, Inc. v. Icahn*, 701 F.2d 278, 284 (4th Cir. 1983).

Farmer files this emergency action upon her expectation that she will not be provided the aforementioned clinical trial research medication and that the antiviral medications prescribed to her by the DOC healthcare contractor will be inadequate.

Her allegations that her disease will suffer from the lack of good medical management and sound combination therapies while confined in the DOC are speculative at best. Further, while Farmer raises bald assertions that she will be physically harmed if not provided the THC 114, THC 125, and T-20 medications, she has not demonstrated a likelihood of success on the merits.   A prisoner does not have a constitutional right to any specific mode of medical treatment, but only has a right to medical treatment of some kind that is not deliberately indifferent to his or her serious medical needs. *See Estelle v. Gamble,* 429 U.S. 97, 106 (1976); *Farmer v. Hawk*, 991 F.Supp. 19, 29 (D. D.C. 1998), *reversed in part, Farmer v. Moritsugu*, 163 F.3d 610, 333 (D.C. Cir. 1998); *Long v. Nix*, 86 F.3d 761, 765 (8th Cir. 1996). Finally, there has been no showing that injunctive relief is in the public interest.

In sum, Farmer has not made a sufficient showing on the factors enunciated in *Blackwelder* to entitle her to any type of injunctive relief.  This case shall be dismissed without prejudice.  A separate order follows.


Date:   12/29/06              ____/s/_____
                              Catherine C. Blake
                              United States District Judge

4